UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ABDIEL MUNOZ MESA,

**Plaintiff,**

v.

EQUIFAX INFORMATION SERVICES LLC,
and CITIGROUP, INC. a/k/a
CITIBANK NORTH AMERICA, INC.,
a Delaware Corporation,

**Defendants.**
_____/

## COMPLAINT

Plaintiff Abdiel Munoz Mesa ("Plaintiff") sues Defendant Equifax Information Services LLC ("Equifax"), and Citigroup, Inc. also known as Citibank North America, Inc. ("Citibank") (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami, Dade County, Florida.

4. Defendant Equifax Information Services LLC ("Defendant Equifax" or "Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

5. Defendant Citigroup, Inc. aka Citibank North America, Inc. ("Defendant Citibank" or "Citibank") is a Delaware Corporation with Headquarters located at 388 Greenwich Street New York, NY 10013, and whose registered agent is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

**DEMAND FOR JURY TRIAL**

6. Plaintiff respectfully, demands a trial by jury on all counts and issues so triable.

**FACTUAL BACKGROUND**

7. This action involves derogatory reporting of a credit account furnished by Citibank CBNA (the "Account") that is being reported to Plaintiff's credit profile with Equifax. Plaintiff contends that the account is not his and that he did not open the account. Specifically, in or about late 2021, Plaintiff discovered that a Citibank CBNA credit account and an American Express credit card were opened in his name. After further investigation, Plaintiff learned that his personal information had been compromised, including his Florida driver license number, social security number, and date of birth. It was also later discovered that the fraudster used an inaccurate address, that diverted the physical credit cards, and mail for the fraudulent accounts away from Plaintiff's current address.

8. In or about January 2022, Plaintiff filed a police report with the Miami-Dade Police Department for fraudulent use of his identification/information, regarding the Citibank and American Express credit accounts that were opened in his name, without his knowledge or consent.

9. In or about February 2022 Plaintiff submitted online disputes to Equifax stating that the Accounts were not his and that he did not open the Accounts.

10. The Citibank and American Express accounts were deleted from Plaintiff's credit report in or about April 2022. However, the Citibank CBNA credit card account was added back to the credit report. Plaintiff has submitted subsequent disputes, but the inaccurate reporting of the Citibank CBNA credit card account remains.

## ALLEGATIONS

11. In or about February 2022, Plaintiff submitted an online Dispute (the "Dispute") for a Citibank account ("the Account") to Defendant Equifax, (the "Credit Reporting Agency" or "CRA").

12. In response to the Dispute, the CRA promptly and properly gave notice to Defendant Citibank ("the Creditor") of the Dispute in accordance with the FCRA. Rather than taking the necessary action and conducting an appropriate investigation, however, Defendant Citibank failed to modify, delete, or block the inaccurate information reported on Plaintiff's account and, instead, continue to report inaccurate information as to Plaintiff.

## **ALLEGATIONS INVOLVING THE CREDITOR - CITIBANK**

13. Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint.

14. Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

15. On a date better known by the Defendant Creditor, the CRA promptly and properly gave notice to Defendant Creditor of Plaintiff's Dispute in accordance with the FCRA.

16. In response to the notice, it received from the CRA regarding Plaintiff's Dispute, Defendant Creditor did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Dispute.

17. In response to receiving notice from the CRA regarding Plaintiff's Dispute, Defendant Creditors failed to correct and/or delete information they knew to be inaccurate and/or which Defendant Creditor could not otherwise verify.

18. Instead of conducting a reasonable investigation, Defendant Creditor erroneously

validated the Account and reported and continues to report inaccurate information about Plaintiff to the CRA. **In contrast, Creditor American Express conducted a reasonable investigation, and did not continue to report inaccurate information about the Account opened by fraudulent means.**

## ALLEGATIONS INVOLVING EQUIFAX

19.     Plaintiff incorporates by reference all of the foregoing paragraphs of this Complaint.

20.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

21.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

22.     On or about February 2022, Plaintiff submitted an online dispute regarding the Account to Defendant Equifax stating that **the Account was not his, he did not open the Account, and that he was a victim of identity theft.**

23.     Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amounts reported by Defendant continues to report Plaintiff's accounts inaccurately.

24.     Continuing to report the status of Plaintiff's accounts in this fashion is significant. By continuing to report the status of Plaintiff's accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

25.     Credit scoring algorithms take the status of Plaintiff's accounts into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

26. As of the filing of this Complaint, Equifax, nor anyone on Equifax's behalf, has contacted Plaintiff to further investigate the Dispute.

27. Equifax failed to conduct a reasonable investigation.

28. Equifax failed to review and consider all relevant information submitted by Plaintiff.

29. Equifax failed to conduct an independent investigation and, instead, deferred to the Creditor despite the evidence and/or information Plaintiff provided to it (Equifax).

30. Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

31. Equifax's reporting of inaccurate information is the subject of the dispute, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

32. Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, chose to parrot the information it (Equifax) received from the Creditor despite being in possession of evidence that the information was inaccurate.

33. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

34. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

### COUNT 1
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

35. Plaintiff incorporates by reference paragraphs 1-12 and 19-34 of this Complaint.

36. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

37. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's dispute of the information contained in Plaintiff's Equifax credit report.

38. Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

39. Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

40. The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

41. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

42. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

43. As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

44. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

45. Plaintiff incorporates by reference paragraphs 1-12 and 19-44 of this Complaint.

46. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

47. On at least one occasion within the past year, by example only and without

limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

48. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

49. Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

50. Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

51. The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

52. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in

an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

53. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

54. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Citibank)

55. Plaintiff incorporates by reference paragraphs 1-18 of this Complaint.

56. On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

57. On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

58. On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

59. Upon information and belief, Defendant Citibank was aware of the FCRA obligations to reasonably investigate Dispute when it received notice of Plaintiff's dispute.

60. When Defendant Citibank received notice of Plaintiff's dispute from the CRA,

Defendant Citibank could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

61. Defendant Citibank would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Creditor had reviewed its own systems and previous communications with the Plaintiff.

62. Defendant Citibank's investigation was per se deficient by reason of these failures on Defendant Citibank's investigation of Plaintiff's dispute.

63. As a direct and proximate result of Defendant Citibank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

64. Defendant Citibank's actions in violation of 15 U.S.C. § 1681s-2(b), were willful rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Citibank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Citibank)

66. Plaintiff incorporates by reference paragraphs 1-18 and 55-65 of this Complaint.

67. On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

68. On one or more occasions within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

69. On one or more occasions within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

70. When Defendant Citibank received notice of Plaintiff's dispute from the CRA, Defendant Citibank could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

71. Defendant Citibank would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Citibank had reviewed its own systems and previous communications with the Plaintiff.

72. Defendant Citibank's investigation was per se deficient by reason of these failures on Defendant Creditor's investigation of Plaintiff's dispute.

73. As a direct and proximate result of Defendant Citibank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and

other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

74.     Defendant Citibank's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

Dated:  September 12, 2022

>                                   Respectfully Submitted,
>
>                                    /s/ Jennifer G. Simil                        .
>                                   **JENNIFER G. SIMIL, ESQ.**
>                                   Florida Bar No.: 1018195
>                                   E-mail:        jen@jibraellaw.com
>                                   **JIBRAEL S. HINDI, ESQ.**
>                                   Florida Bar No.: 118259
>                                   E-mail:        jibrael@jibraellaw.com
>                                   The Law Offices of Jibrael S. Hindi
>                                   110 SE 6th Street, Suite 1744
>                                   Fort Lauderdale, Florida 33301
>                                   Phone: 954-907-1136
>
>                                   *COUNSEL FOR PLAINTIFF*